UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Roy Marsh,

    Petitioner,

v.

United States of America,

    Respondent.

**ORDER**
Crim. No. 01-288(1) (MJD/SRN)

_____

Petitioner, *pro se*.

Thomas M. Hollenhorst, Assistant United States Attorney, Counsel for Respondent.

_____

This matter comes before the Court on Petitioner's motion to Reopen the Time to File an Appeal pursuant to Fed. R. App. P. 4(a)(6) and/or 28 U.S.C. § 2107. For the reasons that follow, the motion is denied.

**I.  BACKGROUND**

On February 4, 2002, Petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute in excess of 50 grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841. Petitioner was sentenced to a term of imprisonment of 220 months, five years supervised release, and a $100 special

1

assessment. After successfully appealing his sentence, the Court resentenced Petitioner to a term of imprisonment of 168 months.

On March 12, 2004, Petitioner brought a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, asserting that he received ineffective assistance of counsel. (Doc. No. 60) The government responded to the motion on April 12, 2004. (Doc. No. 62) On that same date, the government provided a copy of its response to Petitioner and his counsel. (See Gov't Ex. 2.) On May 27, 2004, this Court denied Petitioner's motion. (Doc. No. 63)

The instant motion was brought on August 5, 2013. Petitioner now claims that (1) the government's response to his § 2255 motion was never filed or that, alternatively, he was never properly served with the Court's judgment, (2) Fed. R. App. P. 4(a)(6) allows the Court to reopen the time to file an appeal, and (3) 28 U.S.C. § 2107(c) allows the Court to reopen the time to file an appeal because the Clerk of Court failed to properly serve Petitioner the Court's judgment.

## II. ANALYSIS

### A. Federal Rule of Appellate Procedure

The Court's docket shows that the government filed a response to Petitioner's § 2255 motion on April 12, 2004. (Doc. No. 62) In addition, the

government has presented evidence that Petitioner and his counsel were provided copies of the response. (Gov't Ex. 2.) The Eighth Circuit recognizes a presumption that an item sent through reliable means, such as the postal service, was received. See Kennel v. Gates, 215 F.3d 825, 829 (8th Cir. 2000). The Court's docket further demonstrates that this Court's Order denying Petitioner's § 2255 motion was filed on May 27, 2004. (Doc. No. 63). The text for this docket entry indicates that Petitioner was provided a copy of the Order. (Id.)

Even if the Court were to accept Petitioner's assertion that he did not receive a copy of the Court's Order or notice that the Order had been filed, Petitioner is not entitled to the relief sought in this motion.

Rule 4(a)(6)(A) of the Federal Rules of Appellate Procedure provides:

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
(C) the court finds that no party would be prejudiced.

3

In this case, a separate judgment was not entered. Therefore, the Order denying the § 2255 motion is deemed entered for purposes of Fed. R. App. P. 4(a) 150 days from the entry of the order in the civil docket. See Fed. R. App. P. 4(a)(7)(A)(i). The Order was docketed on May 27, 2004, therefore the Order is deemed entered as of October 25, 2004. Accordingly, the motion to reopen the time to file an appeal had to have been filed within 180 days from October 25, 2004 to be timely under this Rule. Because the motion was not filed until August 5, 2013, the motion is untimely.

    B.    <u>28 U.S.C. § 2107(c)</u>

Petitioner further argues that he is entitled to relief under 28 U.S.C. § 2107(c). Section 2107(c) provides:

> The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause. In addition, if the district court finds--
>
> > **(1)** that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and
> > **(2)** that no party would be prejudiced,
>
> the district court may, upon motion filed within 180 days after entry of the judgment or order or within 14 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

Again, even if the Court were to find that Petitioner did not receive notice of the Court's Order denying his motion under §2255, Petitioner is only entitled to relief if his motion had been filed 180 days from the day the judgment was entered. Instead, the motion for an extension of time comes over eight years after the Order was entered on October 25, 2004. The Court is thus unable to provide the redress that Petitioner seeks.

Based on the above, the Court finds no basis upon which to grant Petitioner the relief he seeks.

IT IS HEREBY ORDERED that Petitioner's Motion to Reopen and File Out of Time Notice of Appeal [Doc. No. 65] is DENIED.

Date: October 25, 2013

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court